IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LUIS MARTINEZ, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:22-CV-361-A |
| § | (NO. 4:19-CR-362-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Luis Martinez, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment by a person in federal custody. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:19-CR-362-A, styled "United States v. Juan Rodriguez, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On December 10, 2019, movant was named with others in a three-count information charging him in count two with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. § 846. CR Doc.[1] 182. On December 31, 2019, movant appeared before the court with the intent to enter a plea of guilty without benefit of a written plea agreement. CR Doc. 208. Movant and his attorney signed a waiver of indictment. CR Doc. 209. They also signed a factual resume setting forth the maximum penalties faced by movant, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 210. Movant testified under oath at arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment could be as much as twenty years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the information; he had read and understood the factual resume and understood everything in

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-362-A.

it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 542.

The probation officer prepared the PSR, which reflected that movant's base offense level was 30. CR Doc. 301, ¶ 28. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 35, 36. Based on a total offense level of 27 and a criminal history category of VI, movant's advisory guideline range was 130 to 162 months. Id. ¶ 86. The PSR also discussed factors that might warrant a departure or sentence outside of the advisory guideline system. Id. ¶¶ 100-02. Movant filed objections, CR Doc. 321, and the probation officer prepared an addendum to the PSR. CR Doc. 345, rejecting the objections.

On April 24, 2020, the court sentenced movant to a term of imprisonment of 188 months. CR Doc. 408; CR Doc. 411. Movant appealed. CR Doc. 437. His sentence was affirmed. United States v. Martinez, 834 F. App'x 951 (5th Cir. 2021).

II.

Grounds of the Motion

Movant asserts three grounds in support of his motion, worded as follows:

3

Ground One: MOVANT SUBMITS THAT THE CALCULATION OF SENTENCE BASED ON THE TOTAL AMOUNT OF DRUGS IN THE CONSPIRACY WAS A MISAPPLICATION OF THE SENTENCING GUIDELINES

Ground Two: THE DISTRICT COURT FAILED TO GIVE MEANINGFUL CONSIDERATION TO THE PARSIMONY PRINCIPLE, SECTION 3553 AND ALL THOSE FACTORS CONSISTENT

Ground Three: PURITY OF DRUGS OR LACK OF IT SHOULD HAVE BEEN GROUNDS FOR DOWNWARD DEPARTURE

Doc.[2] 1 at 7. The motion is accompanied by a memorandum in support. Doc. 2.

III.

Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before

5

examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his first and third grounds, movant argues that his guideline calculation was erroneous based on the amount and

6

purity of the drugs for which he was held accountable.³ He failed to raise these claims on appeal as he should have (assuming they had any merit and they do not). As they are unexhausted, he must show both cause for his procedural default and prejudice resulting therefrom. Shaid, 937 F.2d at 232. He has done neither. In any event, application of the guidelines is a nonconstitutional issue that cannot be raised here. United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). See also United States v. Garcia, 68 F.3d 466, 1995 WL 581534, at *4-5 (5th Cir. 1995)(claim based on erroneous drug quantity defaulted). And, finally, as the government notes, movant's allegations are wholly conclusory and insufficient. Ross v. Estelle, 694 F.3d 1008, 1012 (5th Cir. 1983).

In his second ground, movant alleges that the court failed to give meaningful consideration to the "parsimony principle, section 3553 and all those factors consistent." Doc. 1 at 7. However, he raised the issue of the 3553 factors on appeal and did not prevail. Martinez, 834 F. App'x at 951-52. He cannot raise the same issue here. United States v. Fields, 761 F.3d 443, 466 (5th Cir. 2014).

---

³ The argument about the purity of the drugs may be one obtained from a co-defendant whose argument the Fifth Circuit found to be "baffling." See United States v. Rebulloza, 16 F.4th 480, 485 (5th Cir. 2021).

Finally, to the extent movant may have intended to assert that he received ineffective assistance of counsel, he has made nothing but conclusory allegations. He has not identified any evidence that should have been presented nor has he shown how it would have impacted his sentence. There is simply no reason to believe that his counsel's performance fell below an objective standard of reasonableness.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 10, 2022.

_____
JOHN McBRYDE
Senior United States District Judge

8